# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched* <br> *or identify the person by name and address)* <br> information associated with a certain account that is stored at premises <br> owned, maintained, controlled, or operated by Google, LLC ("Google"), an <br> electronic communications service and/or remote computing service <br> provider headquartered at 1600 Amphitheatre Parkway, Mountain View, <br> California. The Google account to be searched is maxx73193@gmail.com | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 25-1817M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before     11/28/2025     *(not to exceed 14 days)*

❑ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to     Honorable Nancy Joseph     .
                                                              *(United States Magistrate Judge)*

❑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

❑ for _____ days *(not to exceed 30)*   ❑ until, the facts justifying, the later specific date of _____ .

Date and time issued:     11/14/2025 @ 9:41 a.m.          *[signature]*
                                                              *Judge's signature*

City and state:     Milwaukee, WI          Honorable Nancy Joseph, U.S. Magistrate Judge
                                              *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the following account, which is stored at premises owned, maintained, controlled, or operated by Google, LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043:

**maxx73193@gmail.com**

# ATTACHMENT B

## Particular Things to be Seized

### I.      Information to be disclosed by Google, LLC ("Google")

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for the account or identifier listed in Attachment A **for the time period of January 1, 2025 to July 8, 2025.**

     a.      The contents of all emails associated with the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email, the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails;

     b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

     c.      The types of service utilized;

d. Any records pertaining to the user's contacts, including: address books; contact lists; social network links; groups, including Google Groups to which the user belongs or communicates with; user settings; and all associated logs and change history;

e. Any records pertaining to the user's calendar(s), including: Google Calendar events; Google Tasks; reminders; appointments; invites; and goals; the sender and recipients of any event invitation, reminder, appointment, or task; user settings; and all associated logs and change history;

f. The contents of all text, audio, and video messages associated with the account, including Chat, Duo, Hangouts, Meet, and Messages (including SMS, MMS, and RCS), in any format and however initially transmitted, including, but not limited to: stored, deleted, and draft messages, including attachments and links; the source and destination addresses associated with each communication, including IP addresses; the size, length, and timestamp of each communication; user settings; and all associated logs, including access logs and change history;

g. The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record;

16

h.     The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses;

i.      All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history;

j.      All Google Voice records associated with the account, including: forwarding and other associated telephone numbers, connection records; call detail records; SMS and MMS messages, including draft and deleted messages; voicemails, including deleted voicemails; user settings; and all associated logs, including access logs, IP addresses, location data, timestamps, and change history;

k.      All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.

17

l.     All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken; and

m.     For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

Google is hereby ordered to disclose the above information to the government within 14 days of the issuance of the warrant.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) ("the Subject Offenses") involving Kevin Johnson from January 1, 2025 through July 8, 2025, for the Subject Account identified in Attachment A, information, including records and communications, pertaining to the following matters:

1. Photos/videos of firearms and/or drug trafficking;

2. Electronic communication related to firearms and/or drug trafficking;

3. Any records related to the purchase, receipt or possession of firearms;

4. Any electronic records related to the possession of firearms and/or drug trafficking, including but not limited to ledgers, financial statements, and receipts.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

19

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | Case No. 25-1817M(NJ) |
| *or identify the person by name and address)* | ) | |
| information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Google, LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California. The Google account to be searched is maxx73193@gmail.com | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | possession of a firearm by a felon |
| 18 U.S.C. § 924(c) | possession of a firearm in furtherance of drug trafficking |
| 21 U.S.C. § 841(a)(1) & 841(b) | possession with intent to distribute |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Jonathon Newport
Digitally signed by Jonathon Newport
Date: 2025.11.12 12:33:59 -06'00'

*Applicant's signature*

Jonathon Newport, Task Force Officer - ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone _____ *(specify reliable electronic means).*

Date: 11/14/2025

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge

*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT</u>

I, Jonathon Newport, being first duly sworn, hereby depose and state as follows:

### <u>BACKGROUND AND EXPERIENCE OF AFFIANT</u>

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Google, LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California.  The Google account to be searched is **maxx73193@gmail.com** ("Subject Account"), which is further described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2.      I am a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since 2024. The statements in this affidavit are based on my personal observations, my training and experience, information obtained from other federal and state investigators, witness statements and records, other third-party records, and information published by Google.  I believe these sources of information to be credible and reliable based on the corroboration of the information and my experience with these matters.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## JURISDICTION

3.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

4.     As set forth below, there is probable cause to believe that in the Subject Account are the fruits, evidence, and instrumentalities of criminal offenses in violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) ("the Subject Offenses").

**Background of the Investigation**

5.     On July 7, 2025, TFO Paul Martinez and TFO Newport assisted in the arrest operation of Kevin Johnson (black male, 03-XX-1993). Johnson was wanted for a shooting and federal violation of probation warrant. Johnson's booking photograph was provided to Officers during the operation, along with his clothing description. Johnson was followed by Detective Richard Ticcioni in an undercover capacity in the area of South 7th Street and West Greenfield Avenue, Milwaukee. TFO Martinez was operating our undercover vehicle. TFO Newport was the front passenger. TFO Newport (affiant) observed Johnson walking southbound on South 7th Street, on the east side of the street. TFO Newport was wearing plain clothes and had my outer vest carrier on that read "Police" with my Milwaukee Police Badge affixed to my vest, visible.

6.     TFO Martinez pulled up alongside Johnson, who was walking with another person, identified as Isaiah Echols (black male, 08-XX-1998). TFO Newport exited our car and stated, "Kevin, Stop". Kevin looked at me, wearing my Police vest, and backed up. Echols observed me and started to jog forward, but stopped momentarily after TFO Newport stated, "Don't move". Ultimately, Echols and Johnson disregarded my legal, lawful orders to stop, and fled on foot. Echols fled southbound and Johnson fled northbound. TFO Newport chased Johnson, ordering him to stop. Detective Ticcioni exited his undercover vehicle wearing his properly labeled "Police" outer vest carrier. Detective Ticcioni ordered Johnson to stop. It was known to Law Enforcement that Johnson was wanted for a shooting. Knowing that information, Detective Ticcioni had his firearm drawn and ordered Johnson to stop, which Johnson disregarded. Detective Ticcioni successfully delivered a leg sweep of Johnson's legs to gain compliance from Johnson's continued resistance by two Law Enforcement Officers attempting to apprehend a violent wanted person. Johnson fell and rolled on the ground, regained control and continued to flee from Officers on foot. Johnson attempted to run up a porch, but lost control and crashed into a table on top of the stairs. Detective Ticcioni and I took control of Johnson and arrested him. Detective Ticcioni removed a cell phone from Johnson's hands, which was identified as light blue Motorola smart phone in a silver case.

7.     TFO Newport conducted a search-incident-to-arrest of Johnson. TFO Newport observed that Johnson had a satchel across his chest. TFO Newport opened the top pouch (captured on body camera) and observed a black Glock 20, 10mm, semi- automatic pistol, (serial number AKLU723); that pistol was loaded with sixteen (16) cartridges with one in the chamber. TFO Newport continued a search of the satchel, where TFO Newport discovered a clear knotted plastic sandwich bag that contained a hard chunky off-white substance, suspected to be crack cocaine

3

(TFO Newport later tested the crack cocaine with a Mobile Detect, which showed positive for crack cocaine), that had a weight of 27.4 grams. TFO Newport observed U.S. Currency inside of the bag. Detective Ticcioni later counted the money and found it be $1,838.00 in various denominations. Inside the main satchel pouch where the gun was recovered were cards, one of which was Kevin Johnson's Driver's License.

8.     TFO Newport conducted a criminal history check revealed that Johnson is a convicted felon from Lincoln County Court Case 2013CF000067, for Battery to Prisoners, a class H felony, contrary to Wis. Stats. 940.20(1). Johnson also has a prior federal conviction for possession of a firearm during a drug trafficking crime (18 USC 924(c)) in Case 19-CR-105 in the Eastern District of Wisconsin. The amount of cocaine, packaging, U.S. Currency, and firearm indicate to TFO Newport that the cocaine was possessed with the intent to deliver, rather than for personal use. Additionally, no personal use paraphernalia was located on Johnson's person.

9.     On July 8, 2025, TFO Newport was granted a warrant to seize the content of Johnson's cellular phone (light blue Motorola cell phone). Ultimately, TFO Newport was unable to obtain a full extraction of the device, but TFO Newport obtained a partial extraction. Through the partial extraction, TFO Newport obtained Johnson's phone number associated to the phone and the Gmail account. The phone number was (414) 750-1049, the Gmail email address was **maxx73193@gmail.com**. The email was last entered through the device on May 12, 2025, approximately two (2) months before the device was seized. Based on the short time frame, TFO Newport believes that Johnson was using the Gmail of **maxx73193@gmail.com** as his email address.

10.     TFO Newport believes that based on experience of submitting warrants to Google, that Google maintains a Google Drive and cloud-based storage. TFO Newport has requested these

4

records and obtained photos, emails, and messages in the past. TFO Newport saw that users saved electronic evidence through Google to include photos and videos of evidence related to their crimes. TFO Newport saw the storage of messages, which TFO Newport can use to establish a connection to the user through usernames and contact names to show who is using the account. TFO Newport thinks that the approval of this warrant will lead to further evidence of the mentioned criminal offenses of Kevin Johnson, based on the outlined above and below information concerning the crimes Johnson is accused of and the background concerning Google and the cloud-based storage Google provides.

## BACKGROUND CONCERNING GOOGLE[1]

11.     Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

12.     In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google

---

[1] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages:  the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

5

devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

13.     Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.  Enterprises, such as businesses and educational institutions, may also establish Google Accounts that can be accessed using an email address at the enterprise's domain (e.g. employee@company.com).

14.     Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

15.     Google provides email services (called Gmail) to Google Accounts through email addresses at gmail.com or enterprise email addresses hosted by Google. Gmail can be accessed through a web browser or a mobile application. Additional email addresses ("recovery," "secondary," "forwarding," or "alternate" email addresses) can be associated with the Google Account by the user. Google preserves emails associated with a Google Account indefinitely, unless the user deletes them.

16.     Google provides an address book for Google Accounts through Google Contacts. Google Contacts stores contacts the user affirmatively adds to the address book, as well as contacts the user has interacted with in Google products. Google Contacts can store up to 25,000 contacts. Users can send messages to more than one contact at a time by manually creating a group within Google Contacts or communicate with an email distribution list called a Google Group. Users have

6

the option to sync their Android mobile phone or device address book with their account so it is stored in Google Contacts. Google preserves contacts indefinitely, unless the user deletes them. Contacts can be accessed from the same browser window as other Google products like Gmail and Calendar.

17.     Google provides an appointment book for Google Accounts through Google Calendar, which can be accessed through a browser or mobile application. Users can create events or RSVP to events created by others in Google Calendar. Google Calendar can be set to generate reminder emails or alarms about events or tasks, repeat events at specified intervals, track RSVPs, and auto-schedule appointments to complete periodic goals. A single Google Account can set up multiple calendars. An entire calendar can be shared with other Google Accounts by the user or made public so anyone can access it. Users have the option to sync their mobile phone or device calendar so it is stored in Google Calendar. Google preserves appointments indefinitely, unless the user deletes them. Calendar can be accessed from the same browser window as other Google products like Gmail and Calendar.

18.     Google provides several messaging services including Duo, Messages, Hangouts, Meet, and Chat. These services enable real-time text, voice, and/or video communications through browsers and mobile applications, and also allow users to send and receive text messages, videos, photos, locations, links, and contacts. Google may retain a user's messages if the user hasn't disabled that feature or deleted the messages, though other factors may also impact retention. Google does not retain Duo voice calls, though it may retain video or voicemail messages.

19.     Google Drive is a cloud storage service automatically created for each Google Account. Users can store an unlimited number of documents created by Google productivity applications like Google Docs (Google's word processor), Google Sheets (Google's spreadsheet

7

program), Google Forms (Google's web form service), and Google Slides, (Google's presentation program). Users can also upload files to Google Drive, including photos, videos, PDFs, and text documents, until they hit the storage limit. Users can set up their personal computer or mobile phone to automatically back up files to their Google Drive Account. Each user gets 15 gigabytes of space for free on servers controlled by Google and may purchase more through a subscription plan called Google One. In addition, Google Drive allows users to share their stored files and documents with up to 100 people and grant those with access the ability to edit or comment. Google maintains a record of who made changes when to documents edited in Google productivity applications. Documents shared with a user are saved in their Google Drive in a folder called "Shared with me." Google preserves files stored in Google Drive indefinitely, unless the user deletes them.

20.    Google Keep is a cloud-based notetaking service that lets users take notes and share them with other Google users to view, edit, or comment. Google Keep notes are stored indefinitely, unless the user deletes them.

21.    Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Google Photos can be trained to recognize individuals, places, and objects in photos and videos and automatically tag them for easy retrieval via a search bar. Users have the option to sync their mobile phone or device photos to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them.

22.    Google offers a service called Google Voice through which a Google Account can be assigned a telephone number that can be used to make, record, and forward phone calls and send, receive, store, and forward SMS and MMS messages from a web browser, mobile phone, or

8

landline. Google Voice also includes a voicemail service. Records are stored indefinitely, unless the user deletes them.

23. Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail and Drive. Google Hangout, Meet, and Chat conversations pop up within the same browser window as Gmail. Attachments in Gmail are displayed with a button that allows the user to save the attachment directly to Google Drive. If someone shares a document with a Google Account user in Google Docs, the contact information for that individual will be saved in the user's Google Contacts. And if a user logs into their Google Account on the Chrome browser, their subsequent Chrome browser and Google Search activity is associated with that Google Account, depending on user settings.

24. When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

25. Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol

9

("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

26.     Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

27.     Google collects and retains data about the location at which Google Account services are accessed from any mobile device, as well as the periodic location of Android devices while they are in use. This location data can derive from a range of sources, including GPS data, Wi-Fi access points, cell-site locations, geolocation of IP addresses, sensor data, user searches, and Bluetooth beacons within range of the device. According to Google, this location data may be associated with the Google Account signed-in or registered to the device when Location Services are activated on the device and the user has enabled certain global settings for their Google Account, such as Location History or Web & App Activity tracking.  The data retained may be both precision location data, like latitude and longitude coordinates derived from GPS, and inferential location data, such as the inference that a Google Account is in New York because it conducts a series of searches about places to eat in New York and directions from one New York location to another. Precision location data is typically stored by Google in an account's Location History and is assigned a latitude-longitude coordinate with a meter radius margin of error. Inferential data is stored with an account's Web & App Activity. Google maintains these records indefinitely for accounts created before June 2020, unless the user deletes it or opts to

automatically delete their Location History and Web & App Activity after three or eighteen months. Accounts created after June 2020 auto-delete Location History after eighteen months unless the user affirmatively changes the retention setting to indefinite retention or auto-deletion at three months.

28.     In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

29.     Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation.

30.     In addition, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account.

Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

31.     Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation.  For example, information on the account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

32.     Other information connected to the use of a Google account may lead to the discovery of additional evidence.  For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators.  In addition, emails, instant messages, Internet activity, documents, and contact and calendar information can lead to the identification of co-conspirators and instrumentalities of the crimes under investigation.

33.     Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services.  In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## CONCLUSION

34.     Based on the foregoing, I request that the Court issue the proposed search warrant.

35.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.  The government will execute this warrant by serving it on Google.  Because the warrant will be served on Google, who will then compile the

requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A

## Property to Be Searched

This warrant applies to information associated with the following account, which is stored at premises owned, maintained, controlled, or operated by Google, LLC, a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043:

**maxx73193@gmail.com**

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Google, LLC ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for the account or identifier listed in Attachment A **for the time period of January 1, 2025 to July 8, 2025.**

a.      The contents of all emails associated with the accounts, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email, the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails;

b.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c.      The types of service utilized;

15

d.     Any records pertaining to the user's contacts, including: address books; contact lists; social network links; groups, including Google Groups to which the user belongs or communicates with; user settings; and all associated logs and change history;

e.     Any records pertaining to the user's calendar(s), including: Google Calendar events; Google Tasks; reminders; appointments; invites; and goals; the sender and recipients of any event invitation, reminder, appointment, or task; user settings; and all associated logs and change history;

f.     The contents of all text, audio, and video messages associated with the account, including Chat, Duo, Hangouts, Meet, and Messages (including SMS, MMS, and RCS), in any format and however initially transmitted, including, but not limited to: stored, deleted, and draft messages, including attachments and links; the source and destination addresses associated with each communication, including IP addresses; the size, length, and timestamp of each communication; user settings; and all associated logs, including access logs and change history;

g.     The contents of all records associated with the account in Google Drive (including Docs, Sheets, Forms, and Slides) and Google Keep, including: files, folders, media, notes and note titles, lists, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Google service (such as Google Classroom or Google Group), or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record;

16

h. The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses;

i. All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history;

j. All Google Voice records associated with the account, including: forwarding and other associated telephone numbers, connection records; call detail records; SMS and MMS messages, including draft and deleted messages; voicemails, including deleted voicemails; user settings; and all associated logs, including access logs, IP addresses, location data, timestamps, and change history;

k. All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history.

17

l.     All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken; and

m.     For all information required to be disclosed pursuant to this warrant, the physical location or locations where the information is stored.

Google is hereby ordered to disclose the above information to the government within 14 days of the issuance of the warrant.

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon), Title 18, United States Code, Section 924(c) (possession of a firearm in furtherance of drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) ("the Subject Offenses") involving Kevin Johnson from January 1, 2025 through July 8, 2025, for the Subject Account identified in Attachment A, information, including records and communications, pertaining to the following matters:

1. Photos/videos of firearms and/or drug trafficking;

2. Electronic communication related to firearms and/or drug trafficking;

3. Any records related to the purchase, receipt or possession of firearms;

4. Any electronic records related to the possession of firearms and/or drug trafficking, including but not limited to ledgers, financial statements, and receipts.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.